**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARCO JEROME STEPHENSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **JAMES YOUNG,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Marco Jerome Stephenson files this his Original Complaint and in support respectfully shows the Court as follows:

**I. PARTIES**

1.      Plaintiff Marco Stephenson (hereinafter "Stephenson" or "Plaintiff") is an individual residing in Balch Springs, Texas.

2.      Defendant James Young (hereinafter "Young") was at all times relevant to this Complaint a police officer for the Balch Springs Police Department ("BSPD"), employed by the City of Balch Springs.  Young was, at all times, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the City of Balch Springs, Texas.  Defendant Young is sued in his individual capacity and may be served with process at his place of business at the Balch Springs Police Department, 12500 Elam Street, Balch Springs, Texas 75180.

## II. JURISDICTION

3.      The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331, as this lawsuit arises under the Constitution, laws, or treaties of the United States. Additionally, this court has supplemental jurisdiction of Plaintiff's state law claim under 28 U.S.C. § 1367(a).

## III. VENUE

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV. INTRODUCTION

5.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983 for the violations of civil rights and privileges guaranteed Plaintiff by the United States Constitution and under the common law of the State of Texas.

## V. FACTS

6.      On or about April 28, 2016, Plaintiff Marco Stephenson was walking with his young nephew and nephew's friends. Defendant James Young and another Balch Springs police officer initiated a stop of Mr. Stephenson. Mr. Stephenson immediately complied with the officers' commands, and got down on his knees with his hands on his head.

7.      Upon the arrival of a third Balch Springs police officer, Mr. Stephenson, who remained calm and compliant, was handcuffed. The officers stood Mr. Stephenson up and cut the straps of his backpack to remove it from his person. Plaintiff Stephenson remained calm and still while the officers removed the backpack.

8.      Suddenly and without warning, while handcuffed and compliant, Defendant Young tased Plaintiff Stephenson in the abdomen. The tase caused Mr. Stephenson to feel great pain and to fall to the ground. The officer holding onto Mr. Stephenson also fell down with Plaintiff. Defendant Young continued to tase Mr. Stephenson while on the ground and handcuffed. Defendant Young, in an attempt to justify his use of force, yelled "don't pull away" despite clear video evidence that Plaintiff was not resisting the officers, nor did he attempt to pull away. The video evidence clearly proves that the force used was unreasonable. Further, no officer could have reasonably believed such force to be reasonable under the same facts and circumstances.

9.      Plaintiff Stephenson was eventually transported to a medical facility to receive treatment from the Taser injuries.

10.     Defendant Young's actions were questioned by his fellow officers and body camera footage of the incident was submitted for review to the Balch Springs Chief of Police. Defendant Young was reprimanded for the unreasonable use of force.

## VI.  CAUSE OF ACTION

### Violation of the Fourth Amendment:
### Unreasonable Seizure

11.     Paragraphs 1-10 set forth above are incorporated herein by reference.

12.     The use of excessive force by Defendant Young was an unreasonable physical seizure of Plaintiff under the Fourth Amendment of the United States Constitution.  His use of excessive force was not objectively reasonable under the totality of the circumstances, and the force they used against Plaintiff was applied intentionally and maliciously to cause

harm to him. The force used was completely unwarranted and unjustified for all the reasons set forth above.

13.     As a direct result of Defendant Young's illegal conduct, Plaintiff has suffered physical, economic, and mental/emotional injuries and was deprived of his constitutional rights, all to his damage.  The excessive force violated his rights guaranteed by the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## VII.  DAMAGES

14.     As a direct and proximate result of the acts and omissions outlined above, Plaintiff has been severely damaged. Defendant's conduct has caused physical pain and injury to Plaintiff.  He has emotional and mental anguish, and pain and suffering as a direct result of the violations of his constitutional rights.  All of these damages he suffered in the past and will continue to suffer in the future.

15.     Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate him for his damages, which include physical pain and injuries, both past and future, mental anguish, pain and suffering, both past and future, disfigurement, loss of income, and loss of property.

16.     Plaintiff also seeks exemplary damages against Defendant Young.

17.     Plaintiff has retained the services of the undersigned attorney, and claims entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. §§ 1983 and 1988.

## VIII.  JURY DEMAND

18.     Plaintiff respectfully requests trial by jury.

## IX.  PRAYER

For these reasons, Plaintiff seeks a judgment against Defendant for:

    a.    compensatory and actual damages in an amount deemed sufficient by the trier of fact;

    b.    exemplary damages;

    c.    attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988;

    d.    costs of court; and

    e.    interest allowed by law for prejudgment or post-judgment interest.

Respectfully submitted,

By:  /s/ *Don Tittle*

Don Tittle
State Bar No. 20080200
don@dontittlelaw.com
Monica Uribe
State Bar No. 24094990
monica@dontittlelaw.com
LAW OFFICES OF DON TITTLE, PLLC
6301 Gaston Avenue, Suite 440
Dallas, Texas  75214
(214) 522-8400
(214) 389-1002 – Fax

*ATTORNEYS FOR PLAINTIFF*
*MARCO STEPHENSON*